IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WHITE RIVER ROYALTIES, LLC,**
on behalf of itself and a class of
similarly situated royalty owners,

    Plaintiff,

vs.

                                              Civ. No. _____

**HILCORP SAN JUAN, LP,**

    Defendant.

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hilcorp San Juan, L.P. ("Defendant") hereby removes this action from the First Judicial District Court, Rio Arriba County, State of New Mexico, to the United States District Court for the District of New Mexico. In support of its removal of this action, Defendant states as follows:

### Introduction

1. Plaintiff commenced this action on May 26, 2022, by the filing of a complaint in the First Judicial District Court, County of Rio Arriba, State of New Mexico. Ex. 2-A. Thereafter, the parties soon became engaged in disagreement over whether Defendant had properly been served with process in this action.

2. On September 6, 2022, upon agreement of the parties, the First Judicial District Court entered a Stipulated Order pursuant to which Defendant was deemed to have been served in this action as of August 30, 2022 and would be afforded 21 days from that date within which to respond to the Complaint. Ex. 2-J.

3. Defendant has not yet answered or otherwise responded to the Complaint and, to Defendant's knowledge, no further state court proceedings have occurred or are scheduled before the state court in this matter.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) Plaintiff brings this case as a putative class action; (b) the putative class exceeds 100 members; (c) the putative class contains at least one class member who is a citizen of a State different from the Defendant; and (d) the amount in controversy exceeds the sum or value of $5,000,000.

5. The Complaint establishes that the proposed class includes over 100 members. *See* Ex. 2-A at ¶ 19 ("Upon information and belief, there are more than two thousand members of the defined Class…")

6. The putative class contains at least one class member who is a citizen of a State different from the Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). The Complaint alleges that Plaintiff is a limited liability company organized under the laws of the State of Colorado. Ex. 2-A at ¶ 5. For diversity purposes, a limited liability company is deemed to have the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The Complaint alleges that each of Plaintiff's members are themselves citizens of the State of Colorado. Ex. 2-A. at ¶ 5.

7. Limited partnerships, such as Defendant, are deemed citizens of every state in which any partner is a citizen. *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011). Hilcorp has a general partner and two limited partners.

    a. The general partner is Hilcorp Energy Company, which is a Texas corporation with its principal place of business in Houston, Texas;

    b. Hilcorp Development Holdings, L.P. is one of the two limited partners. No partner of Hilcorp Development Holdings, L.P. is a citizen of Colorado;

    c. SJ Resources, L.L.C. is the other limited partner. No member of SJ Resources, L.L.C. is a citizen of Colorado.

8. The amount in controversy exceeds $5,000,000. Consistent with New Mexico practice, Plaintiffs have not pled a specific dollar amount of total damages. Thus, this Court may look not only to the allegations in the Complaint, but also to the allegations set forth in this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) ("the notice of removal may assert the amount in controversy if the initial pleading seeks…a money judgment, but the State practice…does not permit demand for a specific sum."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9. Defendant denies that Plaintiffs are entitled to any damages whatsoever. However, based on Defendant's own calculations, Plaintiff's claims against Defendant places "in controversy" an amount more than $5,000,000, exclusive of interest and costs. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

10. Under CAFA, the amount in controversy also includes consideration of any statutorily authorized attorney's fees. *See Payne v. Tri-State Careflight*, 322 F.R.D. 647, 677 (D.N.M. 2017) ("CAFA also allows for aggregating attorneys' fees when determining the amount in controversy when a statute authorizing the cause of action allows for attorneys' fees."). Because the New Mexico Proceeds Payment Act provides for the recovery of attorneys' fees by a prevailing party, such potential fees are properly considered when determining the amount in controversy. *See* NMSA 1978, § 70-10-6 (providing for attorney's fees for prevailing party in claim brought under Oil and Gas Proceeds Payment Act).

11. Venue for this removal action lies in the District of New Mexico pursuant to 28 U.S.C. § 1441(a) because this district encompasses Rio Arriba County.

12. Because Defendant is the only named defendant in this action, no concurrence is required under 28 U.S.C. § 1446(b)(2).

**Defendant's Notice of Removal is Timely**

13. This notice of removal is timely under 28 U.S.C. § 1446 because it was "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1).

14. As noted above, the Complaint contains no allegation concerning the amount of damages sought by Plaintiff. In such circumstances, the allegations in the complaint are insufficient to trigger the 30-day period for removal found in Section 1446(b)(2) because the amount in controversy is not deemed ascertainable. *See Paros Props., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) ("This circuit has been very strict in

4

assessing whether the grounds for removal are ascertainable. We require a specific allegation that run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable."); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) ("We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.").

15. Nor does Plaintiff's failure to provide unambiguous notice of the amount of damages sought preclude removal. A defendant may remove an action based on its own independent determination that the amount in controversy meets the jurisdictional threshold. *See Paros Props., LLC*, 835 F.3d at 1271, n.5 ("a defendant need not await such unambiguous notice before filing a notice of removal. Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal.").

16. Removal of this action is also timely under 18 U.S.C. § 1446(c)(1) because it is filed within one year of commencement of the action.

## CONCLUSION

17. Defendant is filing a copy of this Notice of Removal with the clerk of the First Judicial District Court of the State of New Mexico for the County of Rio Arriba and serving a copy on Plaintiffs as required by 28 U.S.C. § 1446(d). As required by 28 U.S.C. § 1446(a), Defendant is filing with this Notice of Removal "a copy of all process, pleadings, and orders served upon" Defendant in the action. Pursuant to D.N.M.LR-Civ. 81.1(a), this Notice of Removal also includes as exhibits "legible copies of records and proceedings from the state court action…"

**WHEREFORE**, Defendant respectfully requests removal of this case from the First Judicial District Court of the State of New Mexico in the County of Rio Arriba to this Court.

DATED: September 19, 2022

        Respectfully submitted,

        **HOLLAND & HART LLP**

        By: */s/ Robert J. Sutphin*
            Robert J. Sutphin
            John C. Anderson
            Nathan R. Jurgensen
        110 N. Guadalupe Street, Suite 1
        Santa Fe, NM 87501
        Tel: (505) 988-4421
        Fax: (505) 983-6043
        rsutphin@hollandhart.com
        jcanderson@hollandhart.com
        nrjurgensen@hollandhart.com
        *Attorneys for Defendant*
        *Hilcorp San Juan, L.P.*

## **CERTIFICATE OF SERVICE**

      I certify that on September 19, 2022, I filed the foregoing through the CM/ECF system and served the following counsel by email:

Douglas A. Baker
Justin D. Rodriguez
Atkinson, Baker & Rodriguez, P.C.
201 Third Street NW, Suite 1850
Albuquerque, NM 87102
(505) 503-9401
jrodriguez@abrfirm.com
dbaker@abrfirm.com

and

George A. Barton (admitted pro hac vice)
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, KS 66205
(913) 563-6250
george@bartonburrows.com

*Attorneys for Plaintiff*

                                                    /s/ *Robert J. Sutphin*
                                                    Robert J. Sutphin

19831874_v1