# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 14 2025

MITCHELL R. ELFERS
CLERK

**WHITE RIVER ROYALTIES, LLC,**
**on behalf of itself and a class of**
**similarly situated royalty owners,**

      **Plaintiff,**

**v.**

                              Case No. 1:22-CV-00692-JB-LF

**HILCORP SAN JUAN, LP,**

      **Defendant.**

---

## [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STATUTORY INTEREST CLASS SETTLEMENT

---

    **THIS MATTER** comes before the Court on Plaintiff White River Royalties, LLC's

("Plaintiff") Unopposed Motion for an Order: (1) certifying the Statutory Interest Settlement Class;

and (2) finally approving the Statutory Interest Settlement. Doc. No. 49. The Court, having

reviewed and considered Plaintiff's motion for final approval and the documents in support

thereof, finds as follows:

## I. BACKGROUND

    In this class action, Plaintiff, on behalf of itself and a class of similarly situated royalty

owners, has asserted claims against Defendant Hilcorp San Juan, L.P. ("Hilcorp") based on

Hilcorp's failure to pay statutory interest, as required by New Mexico's Oil and Gas Proceeds

Payments Act ("the Act"). Specifically, Plaintiff has asserted that Hilcorp made royalty payments

on the production and sale of natural gas, oil, and/or other hydrocarbons to owners of royalty

interests and overriding royalty interests in New Mexico wells, outside of the time periods

prescribed in the Act, for which statutory interest due consistent with the Act was not paid. In relevant part, the Act provides:

> Section 3: The oil and gas proceeds derived from the sale of production from any well producing oil, gas or related hydrocarbons in New Mexico shall be paid to all persons legally entitled to such payments, commencing not later than six months after the first day of the month following the date of first sale and thereafter not later than forty-five days after the end of the calendar month within which payment is received by payor for production . . .

> \* \* \*

> Section 4: A. Any delay in determining any person legally entitled to an interest in the proceeds from production shall not affect payments to all other persons entitled to payments. In instances where payments cannot be made within the time period provided in Section 70-10-3 NMSA 1978, the payor shall create a suspense account on his books for such interest or may interplead the suspended funds into court.

> B. The person entitled to payment from the suspended funds shall be entitled to interest on the suspended funds from the date payment is due under Section 70-10-3 NMSA 1978. The interest awarded shall be the discount rate charged by the federal reserve bank of Dallas to member banks plus one and one-half percent on the date payment is due.

> \*\*\*

> Section 5: If a payor fails to make payment to the person entitled to payment within the period provided in Section 70-10-3 NMSA 1978 and after the payor has been furnished with the information required by Section 70-10-3.1 NMSA 1978, the payor shall pay the person the unpaid amount of the payment and in lieu of the interest provided in Section 70-10-4 NMSA 1978 shall pay interest at the rate of eighteen percent per year on the unpaid balance due . . .

N.M.S.A. §§ 70-10-3, 4, 5.

On February 10, 2025, the Parties executed the Statutory Interest Settlement Agreement. On February 10, 2025, the Court entered an Order: (1) provisionally certifying a Rule 23(b)(3) Settlement Class; (2) preliminarily approving the proposed Statutory Interest Settlement Agreement; (3) appointing Plaintiff as the class representative for the Settlement Class; (4) appointing George Barton and Stacy Burrows as Class Counsel; (5) approving the Notice of

Statutory Interest Settlement to be sent to the Class Members; (6) establishing the deadline for the Class Members to exclude themselves from the Statutory Interest Settlement Class; (7) establishing the deadline for the Settlement Class Members to submit objections to, or comments on, the Statutory Interest Settlement; (8) establishing deadlines for the filing of the Plaintiff to file their motion for final approval of the Statutory Interest Settlement, and for Class Counsel to file their request for attorneys' fees and litigation expense reimbursements; and (9) establishing a date and time for the final approval hearing for this Court to consider final approval of the Statutory Interest Settlement and to consider Class Counsel's requests for attorneys' fees and litigation expense reimbursements.

Pursuant to the Court's Order granting preliminary approval of the Statutory Interest Settlement ("Preliminary Approval Order"), Plaintiff ensured that the Court-approved Notice was sent to the Settlement Class members via mail, or by email, on or before March 12, 2025. The Statutory Interest Settlement Class Members had thirty (30) days to opt out from the Statutory Interest Settlement; the deadline for Settlement Class members to opt out of the Statutory Interest Settlement was on April 11, 2025.

As outlined in this Order, the Court grants final approval of the Statutory Interest Settlement because: (1) the Settlement is fair, reasonable, and adequate; (2) Hilcorp has agreed to pay $4,686,415.43 to settle the claims of the Settlement Class Members;[1] (3) not a single Class member has objected to the Statutory Interest Settlement, (4) only a small number of the proposed Class Members elected to opt out of the Statutory Interest Settlement of the total potential class of 8,489 individuals; (5) every Settlement Class Member will receive their proportionate share of

---

[1] The $4,686,415.43 amount was derived by subtracting the collective dollar amount of the claims of the fifteen individuals who opted out of the Statutory Interest Settlement Class ($258,584.57) from the agreed-upon Settlement Amount of $4,945,000.

the Settlement Amount; and (5) the Settlement Class Members, consistent with this Order granting final approval, will receive a guaranteed recovery without the risk of nonpayment, delay, or an adverse judgment at trial.

## II. CERTIFICATION OF THE STATUTORY INTEREST SETTLEMENT CLASS

In making its final approval determination for the Statutory Interest Settlement, this Court will first address whether the proposed Settlement Class should be certified under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes. This provisional certification analysis requires that the proposed class first satisfy the prerequisites listed under Rule 23(a). *See In re Thornburg Mortg., Inc. Secs. Litig.*, 912 F. Supp. 2d 1178, 1221 (D.N.M. 2012) (Browning, J.). Once the Rule 23(a) "threshold requirements" have been established, for a class under Rule 23(b)(3), the Court must find that two additional requirements have been satisfied. *See id.* at 1225. The six requirements for certification of a Rule 23(b)(3) settlement class are as follows: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of the claims of the class; (4) the representative parties will fairly and adequately protect the interests of the settlement class; (5) the questions of law or fact common to the settlement class members predominate over any questions affecting only individual settlement class members; and (6) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(a)(1)–(4) and 23(b)(3).

The Tenth Circuit has confirmed that "'[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'" *Anderson Living Tr. v. WPX Energy Prod., LLC*, 306 F.R.D. 312, 377 (D.N.M. 2014) (Browning, J.) (quoting *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982)); *accord Vallario v. Vandehey*, 554 F.3d 1259,

1267 (10th Cir. 2009) ("We, of course, adhere to the principle that class certification does not depend on the merits of a suit.").

As further discussed below, all six requirements for certification of a Rule 23(b)(3) settlement class are satisfied in this case.

## A. The Defined Class

As set forth in the Court's Preliminary Approval Order, the parties' Settlement Agreement defines the Statutory Interest Settlement Class as follows:

> All non-excluded persons or entities who have owned royalty interests and overriding royalty interests in New Mexico wells who: (1) have received payments from Hilcorp on those interests outside the time periods prescribed by Section 3 of the New Mexico Oil and Gas Proceeds Payment Act ("Act") at any time since production month May, 2018, on oil, gas, and/or related hydrocarbons produced from New Mexico wells; and (2) on which payments Hilcorp has not paid such persons interest at the statutory rates provided in the Act.

> Excluded from the Settlement Class are: (1) Hilcorp, its affiliates, partners, predecessors, employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America; and (3) the New Mexico State Land Office.

(Doc. No. 38, at 5).

## B. Numerosity is Satisfied

Rule 23(a)(1) requires that the size of a proposed class "be sufficiently large to warrant a class action, because the alternative of joinder is impracticable." *Zuniga v. Bernalillo Cnty.*, 319 F.R.D. 640, 661 (D.N.M. 2016) (Browning, J.). For numerosity, the Tenth Circuit has held that "there is 'no set formula' to determine whether the numerosity requirement is met; instead, it is a fact-specific inquiry best left to the district court's discretion." *Gonzales v. City of Albuquerque*, 2010 WL 4053947, at * 7 (D.N.M. Aug. 21, 2010) (Browning, J.) (quoting *Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978)); *accord Payne v. Tri-State CareFlight, LLC*, 332 F.R.D. 611, 658 (D.N.M. 2019) (Browning, J.); *Bustillos v. Bd. of Cnty. Comm'rs*, 310 F.R.D. 631, 649

(D.N.M. 2015) (Browning, J.). Accordingly, the Tenth Circuit has said that because the numerosity requirement involves "such a fact-specific inquiry, we grant wide latitude to the district court in making this determination." *Id.* (quoting *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006)). In making the numerosity determination, "'the exact number of potential [class] members need not be shown,' and a court 'may make "common sense assumptions" to support a finding that joinder would be impracticable.'" *Zuniga*, 319 F.R.D. at 661–62 (quoting *Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo. 2002)) (citation omitted in original). Lastly, for numerosity to be satisfied, it "does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Payne*, 332 F.R.D. at 659 (citation and internal quotation marks omitted).

There are 8,474 members of the Statutory Interest Settlement Class. This substantial number far exceeds the threshold for satisfying Rule 23(a)(1)'s numerosity requirement in this Court. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, 336 F.R.D. 664, 670 (D.N.M. 2020) (finding that class of approximately 60 members was sufficient for numerosity purposes); *Zuniga*, 319 F.R.D. at 687 (finding that class with 230 members was sufficient to satisfy numerosity requirement); *Payne*, 332 F.R.D. at 689, 706 n.45 (numerosity satisfied where class consisted of approximately 300 members); *Anderson Living Tr.*, 306 F.R.D. at 436 (in an oil and gas royalty underpayment class action, finding that class of 1,367 members "easily clears rule 23(a)(1)'s bar.").

Given the fact-specific nature of the inquiry, and the wide latitude afforded to the Court in making this determination, the Court finds that joinder of all 8,474 Class members is clearly impracticable. *See Payne*, 332 F.R.D. at 658 (district court has discretion to determine when the numerosity requirement is satisfied); *Bustillos*, 310 F.R.D. at 649 (same). Requiring joinder of all

6

the Class members here would result in a "strong litigational hardship" and be extremely inconvenient for all parties involved in this matter. *See Payne*, 332 F.R.D. at 659.

## C. Commonality is Satisfied

The Tenth Circuit has recognized that Rule 23(a)(2) "commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir.), *cert. denied sub nom. GEO Grp., Inc. v. Menocal*, 586 U.S. 822 (2018). To establish commonality, the plaintiff must demonstrate that its "claim rel[ies] on a 'common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the [class] claims in one stroke.'" *Sherman v. Trinity Teen Sols., Inc.*, 84 F.4th 1182, 1192 (10th Cir. 2023) (some alterations in original) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). In addition to showing the existence of common questions among the class members' claims, the plaintiff "must show 'the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Id.* (emphasis in original) (quoting *Dukes*, 564 U.S. at 350) (internal citations omitted). Nevertheless, Rule 23(a)(2) commonality "'do[es] not require that every member of the class share a fact situation *identical* to that of the named plaintiff.'" *Id.* (alteration in original) (emphasis in original) (quoting *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014)).

In this case, the claims of the Plaintiff and the other Settlement Class Members are based on a common contention that is capable of class-wide resolution. Specifically, the central question for the Statutory Interest Settlement Class is whether Hilcorp failed to pay statutory interest on payments it made outside the period prescribed by the Act. The determination of whether Hilcorp complied with the Act will "resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. Thus, a class-wide proceeding will generate common

7

answers applicable to all Settlement Class Members here, establishing the existence and scope of

Hilcorp's alleged failure to pay statutory interest on these payments made outside the relevant

period under the Act. Because the resolution of this question is central to each Settlement Class

Member's claim, the Court finds that the commonality requirement is satisfied.

### D. Typicality is Satisfied

Under Rule 23(a)(3), typicality is established if "the claims of the class representative and

class members are based on the same legal or remedial theory." *Menocal*, 882 F.3d at 924 (quoting

*Abercrombie*, 765 F.3d at 1216). Like commonality, for a court to make a finding of typicality,

"every member of the class need not be in a situation identical to that of the named plaintiff[.]"

*DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010) (alteration omitted) (citing

*Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982)). Therefore, so long as the named

plaintiff's claim is "based on the same legal or remedial theory" as those of the class members,

"differing fact situations of the class members do not defeat typicality." *Id.* at 1098–99 (citing

*Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)).

In this case, the claims of Plaintiff and the other Settlement Class Members are based on

the same legal theory: that Hilcorp failed to remit the statutorily required interest on payments that

Hilcorp made to Plaintiff and the other Settlement Class Members outside of the time periods

prescribed in the Act. The Plaintiff, like all other class members, seeks to recover statutory interest

owed as a result of Hilcorp's alleged failure to comply with the Act, thus meeting the requirement

that the claims are based on the same legal or remedial theory. *See Menocal*, 882 F.3d at 924

(typicality satisfied where claims of plaintiff and class members based on same legal or remedial

theory). Any factual differences among class members, such as variations in royalty amounts or

payment dates, do not defeat typicality because the core legal issue remains the same. *See*

*Devaughn*, 594 F.3d at 1195. Therefore, because the Plaintiff's claim and the claims of the

8

Settlement Class Members arise from the same event and legal theory, the Court finds that the typicality requirement is satisfied.

**E. Adequacy of Representation is Satisfied**

Under Rule 23(a)(4), the Court looks to whether the "'representative parties will fairly and adequately protect the interests of the class.'" *Daye v. Cmty. Fin. Serv. Ctrs., LLC*, 313 F.R.D. 147, 163 (D.N.M. 2016) (Browning, J.) (quoting Fed. R. Civ. P. 23(a)(4)). The adequacy of representation requirement focuses on two issues: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other [settlement] class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the [settlement] class?" *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) (in parenthetical, quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002)); *accord Pruess v. Presbyterian Health Plan, Inc.*, 745 F. Supp. 3d 1218, 1237 (D.N.M. 2024).

Neither Plaintiff nor its attorneys have any conflicts of interest with the other members of the Settlement Class with respect to the claims asserted in this class litigation. Moreover, it appears that Plaintiff and its attorneys have prosecuted this class action vigorously on behalf of all Settlement Class Members and will continue to do so through the conclusion of this litigation. In addition, Plaintiff's attorneys have extensive experience representing mineral owners in class action cases litigated against natural gas producers, related to producers' payment methods, and therefore are qualified to represent the Settlement Class. Finally, it is apparent to the Court that Plaintiff has provided substantial assistance to Class Counsel in prosecuting this class action on behalf of the Settlement Class members, and Plaintiff has shown willingness to continue representing the interests of the Settlement Class members through the conclusion of this class action litigation. Accordingly, the Court finds that the Settlement Class is and has been adequately represented by Plaintiff and its Class Counsel.

**F. Predominance is Satisfied**

To certify a settlement class under Rule 23(b)(3), the questions of law or fact which are common to the settlement class members must predominate over any questions affecting only individual settlement class members. Fed. R. Civ. P. 23(b)(3). This means that the "common, aggregation-enabling issues . . . are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016); *accord Brayman v. KeyPoint Gov't Sols., Inc.*, 83 F.4th 823, 838 (10th Cir. 2023). Within the framework of this rule, common issues "are those for which 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Black v. Occidental Petrol. Corp.*, 69 F.4th 1161, 1175 (10th Cir. 2023) (alteration in original) (quoting *Tyson Foods*, 577 U.S. at 453). Accordingly, a court begins its predominance analysis "with the elements of the underlying cause of action." *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1088 (10th Cir. 2014) (quoting *Erica P. John Fund v. Halliburton Co.*, 563 U.S. 804, 809 (2011)).

In this case, the predominant issue is whether Hilcorp breached its statutory obligation to pay interest to the Settlement Class Members on royalty and overriding royalty payments made outside the time periods prescribed in the Act. This core question related to the claim at issue is overwhelmingly common to the entire class. *See Tyson Foods*, 577 U.S. at 453 (emphasizing that predominance requires common issues to be more important than individual ones). While individual Settlement Class Members may have received different payment amounts on differing payment dates, the central and overarching question is whether Hilcorp's reliance on its accounting methodology resulting in its systematic failure to pay statutory interest on these untimely payments constitutes a breach of its obligations under the Act. *See CGC Holdings*, 773 F.3d at 1087 (with regard to predominance, the Tenth Circuit noted that "[i]t is not necessary that all of the elements

10

of the claim entail questions of fact and law that are common to the class, nor that the answers to those common questions be dispositive.") (citing *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 467–68 (2013)).

The resolution of this common legal issue will be proven based on common proof regarding Hilcorp's payment practices, making class-wide resolution appropriate, as is favored by the courts. *See Black*, 69 F.4th at 1175 (noting that common issues are those for which the same evidence will suffice for each member). Because the focus is on Hilcorp's common payment method and conduct, rather than the individual circumstances of each class member, the Court finds that the predominance element of Rule 23(b)(3) is satisfied.

## G. Superiority is Satisfied

Certification under Rule 23(b)(3) also requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." *Black*, 69 F.4th at 1188. There are four factors pertinent to the superiority analysis:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed R. Civ. P. 23(b)(3). *See also Felps*, 336 F.R.D. at 678. Because Plaintiff's motion for final approval is a request for settlement-approval-only certification, factor (D)—manageability—need not be considered in determining whether the superiority requirement has been satisfied. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, . . . for the proposal is that there be no trial."). The

Tenth Circuit has concluded that class adjudication is superior where it will "'achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *CGC Holding*, 773 F.3d at 1096 (quoting *Amchem*, 521 U.S. at 615).

Regarding the first and second superiority factors—class members' interest in individual control and the extent of existing related litigation—the circumstances here strongly favor class adjudication. This Court has said that Rule 23(b)(3)(B) "speaks not only of assessing the 'extent ... of any litigation ... already begun'—presumably meaning the raw number of cases filed relative to the size of the proposed class—but also of the 'nature of any litigation ... already begun,'" which means the Court will examine "what procedural forms the already-filed cases have taken." *Zuniga*, 319 F.R.D. at 681 (alterations in original); *accord Abraham v. WPX Prod. Prods., LLC*, 317 F.R.D. 169, 240 (D.N.M. 2016) (Browning, J.). In this matter, the inquiry reveals a negligible impact from other litigation. Out of 8,489 total potential Settlement Class Members, only fifteen have elected to opt out of the Statutory Interest Settlement—a mere 0.17% of the proposed Settlement Class. Within these opt-outs, nine of the fifteen are participants in a single, non-class action lawsuit, captioned *Lundell, Robert W. v. Hilcorp Energy Company*, Case No. 2024-89265, pending in the 189th Civil District Court, Harris County, Texas. Notably, the *Lundell* case was filed on December 27, 2024, long after the present class action commenced in New Mexico. Moreover, *Lundell* is not a class action, which vitiates any concerns of overlapping class certifications or inconsistent adjudications. Apart from *Lundell*, Class Counsel maintain that they are not aware of any other litigation commenced by Settlement Class Members concerning the statutory interest claims at issue. This exceedingly low opt-out rate and the presence of only one isolated civil litigation, which was filed after this class action was initiated, support a finding that

the Settlement Class Members do not possess a strong interest in individually controlling the prosecution of separate actions. *Cf. Daye*, 313 F.R.D. at 171–72 ("the extent to which proposed class members have already filed individual claims . . . indicates a higher 'interest[] in individually controlling the prosecution.'") (alteration in original) (quoting Fed. R. Civ. P. 23(b)(3)(A)).

Regarding the third superiority factor, concentrating this litigation in this Court is highly desirable because all of the natural gas and hydrocarbon production at issue occurred in this judicial district, and many of the Settlement Class Members reside in this judicial district. This local connection and the centralized nature of the claims make this forum the most appropriate for resolution. For this reason, and in light of the inconsequential number of opt-outs and external litigation, it is clear that resolving all Statutory Interest Settlement Class Member claims within a single proceeding before this Court avoids the fragmentation and potential inconsistencies that would inevitably arise from dispersed individual lawsuits across various jurisdictions. In light of the localized production, this Court's familiarity with New Mexico oil and gas law, and the clear efficiencies of centralized adjudication, this Court stands as the most appropriate forum. When coupled with the minimal opt-outs and lack of significant parallel litigation, the superiority requirement of Rule 23(b)(3) is clearly satisfied.

Beyond these straightforward considerations, maintaining a class action in this matter offers significant advantages in judicial economy and fairness. Individual lawsuits by 8,474 individual royalty owners would be extraordinarily inefficient, burdening this Court and others, and leading to inconsistent results across similar claims. *See CGC Holding*, 773 F.3d at 1096 (uoting that class adjudication is superior where it "[a]chieves economies of time, effort, and expense, and promote[s] uniformity of decision"). A class action, conversely, concentrates these statutory interest claims in a single forum, allowing for a unified determination of Hilcorp's

liability and a consistent distribution of relief. This approach not only conserves judicial resources but also ensures that all Settlement Class Members, regardless of their individual resources or sophistication, have access to legal redress and a fair opportunity to recover their due statutory interest, promoting both efficiency and equity. *See id.*

### III. THE STATUTORY INTEREST SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

In its Preliminary Approval Order, the Court found that the Statutory Interest Settlement satisfies each of the requirements under Rule 23(e)(2). Here, the Court further finds that the Statutory Interest Settlement should be finally approved because it is fair, reasonable, and adequate, as required under relevant Tenth Circuit precedent. *See In re Integra Realty Res., Inc.,* 354 F.3d 1246, 1266 (10th Cir. 2004) (proposed settlement must be "fair, reasonable, and adequate") (citing *Jones v. Nuclear Pharmacy, Inc.,* 741 F.2d 322, 324 (10th Cir. 1984)). District courts in the Tenth Circuit are instructed to apply four factors in assessing the fairness, reasonableness, and adequacy of a proposed class action settlement, namely: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *In re Samsung Top-Load Washing Mach. Mktg. Sales Pracs. & Prods. Liab. Litig.,* 997 F.3d 1077, 1087 (10th Cir. 2021) (emphasis omitted) (quoting *In re Motor Fuel Temperature Sales Pracs. Litig.,* 872 F.3d 1094, 1116–17 (10th Cir. 2017)).

Each of these additional factors reinforce the conclusion that the Statutory Interest Settlement is fair, reasonable, and adequate. The Statutory Interest Settlement was the product of informed, arms-length negotiations between the parties and their counsel. *See id.* at 1087

(emphasizing the importance of fair negotiations). Moreover, real questions existed regarding the proper interpretation and application of the Act, placing the ultimate outcome of the litigation in doubt. *See id.* (acknowledging the significance of considering serious questions of law and fact). Given these uncertainties, the immediate and substantial recovery offered by the settlement outweighs the risks and costs of further litigation; indeed, the Settlement Amount of $4,945,000 accounts for approximately 95 percent of the Settlement Class Members' unpaid statutory interest damages on their claims against Hilcorp. *See id.* (noting the value of immediate recovery compared to protracted litigation). Finally, the parties, who are intimately familiar with the strengths and weaknesses of their respective cases, have jointly determined that the settlement is a just and equitable resolution. *See id.* (recognizing the parties' judgment as a factor for fairness).

In evaluating the fairness, reasonableness, and adequacy of the Statutory Interest Settlement, it is instructive to consider the precedents set by the Tenth Circuit in *Tennille v. Western Union Co.*, 785 F.3d 422 (10th Cir. 2015), and *Fager v. CenturyLink Communications, LLC*, 854 F.3d 1167 (10th Cir. 2016). Each of these cases underscores the importance of informed negotiations, the presence of serious legal questions, and the value of immediate recovery in class action settlements.

In *Tennille*, the Tenth Circuit affirmed the settlement as fair, reasonable, and adequate, highlighting that the settlement was negotiated with the assistance of a mediator and addressed significant legal issues, such as procedural obstacles and defenses that could have impeded the plaintiffs' success at trial. *See* 785 F.3d at 428, 434–35. Similarly, in *Fager*, the settlement was deemed by the Tenth Circuit to be fair and reasonable, as it was the result of extensive negotiations and addressed complex legal questions regarding property rights and the applicable statute of limitations. *See* 854 F.3d at 1169–70, 1175. These decisions demonstrate that settlements reached

15

through informed and honest negotiations, which consider the uncertainties and complexities of litigation, are likely to be upheld as fair and reasonable.

Moreover, in both *Tennille* and *Fager*, the Tenth Circuit emphasized the value of immediate recovery over the uncertain outcomes of protracted litigation. In *Tennille*, the Tenth Circuit noted that the settlement provided class members with meaningful compensation and a change in business practices, which outweighed the potential for a more favorable outcome that could have come to fruition after years of further protracted litigation. *See* 785 F.3d at 436. And in *Fager*, the settlement offered class members compensation for their claims and protection for CenturyLink against future litigation, which was deemed more beneficial than the uncertain prospects of continued legal battles. *See* 854 F.3d at 1171. These principles reinforce the fairness, reasonableness, and adequacy of the Statutory Interest Settlement, as it provides immediate and tangible benefits to the class members while addressing the significant legal challenges inherent in the case.

Furthermore, the named Plaintiff as the approved Class Representative has reviewed the Statutory Interest Settlement, and the Plaintiff believes the Statutory Interest Settlement is fair, reasonable, and adequate.

## A. The Appointment of Plaintiff's Attorneys as Class Counsel is Confirmed.

Appointment of class counsel is governed by Federal Rule of Civil procedure 23(g). The Tenth Circuit has said, "[b]ased on the Rule's plain language, a district court's decision to certify a class must *precede* the appointment of class counsel." *In re Samsung*, 997 F.3d at 1087–88 (citations omitted). For the same reasons outlined in the Court's preliminary approval order (Doc. No. 38, at 9), which were reiterated in Class Counsel's Joint Declaration in support of their instant Motion, the Court confirms its appointment of George Barton and Stacy Burrows as Class Counsel in this case.

16

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that:

(1) The findings herein shall be the Order of the Court

(2) the claims of the Statutory Interest Settlement Class meet the numerosity, commonality, typicality, adequacy of representation, predominance, and superiority requirements for provisional settlement class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3);

(3) the Statutory Interest Settlement to be fair, reasonable, and adequate, as required by Federal Rule of Civil Procedure 23(e)(2) and the four Tenth Circuit factors, and granting final approval of the Statutory Interest Settlement;

(4) the appointment of Plaintiff's attorneys George Barton and Stacy Burrows as Class Counsel is confirmed; and

(5) the parties shall take any and all steps necessary to implement the Settlement Agreement according to its terms and the terms of this Order;

(6) the Class' Released Claims (as defined in Paragraph 4.1 of the Settlement Agreement) are fully and completely settled, discharged, and released. Distribution of the Settlement Amount shall be conducted pursuant to Paragraphs 3.2–3.12 of the Settlement Agreement. Settlement Class Members are deemed conclusively to have released and settled the Class' Released Claims. All such members of the Settlement Class are barred and permanently enjoined from commencing or prosecuting, either directly, representatively, derivatively or in any capacity, and of the Settled Claims, against the Hilcorp Released Parties (as that term is defined in Paragraph 4.1of the Settlement Agreement).

(7) without affecting the finality of this Final Judgment in any way, this Court shall retain continuing and exclusive jurisdiction of this action to address any issues concerning implementation of the Settlement Agreement and enforcing this final judgment.

(8) Plaintiff's motion (Doc. No. 49) is granted.

UNITED STATES DISTRICT JUDGE